IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| GEORGE BONDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO._____ |
| PROGRESSIVE LEASING, LLC, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

COMES NOW, GEORGE BONDS, by and through the undersigned counsel, and files this, pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, his Complaint against Defendant PROGRESSIVE LEASING, LLC. In support thereof, Plaintiff respectfully shows this honorable Court as follows:

# JURISDICTIONAL STATEMENT

1. This Court has jurisdiction over this matter pursuant to 47 U.S.C. § 227(b)(3).

2. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and Defendant transacts business in this

district.

3. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, fees and costs.

## INTRODUCTION

4. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

5. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 745 (2012).

6. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" *137 Cong. Rec. 30, 821 (1991).* The TCPA is therefore "intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

7. Today, according to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014."

*https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal*

## FACTUAL ALLEGATIONS

8. Plaintiff, George Bonds ("Plaintiff"), is a natural person who at all relevant times resided in Munford, TN (Tipton County).

9. Defendant, Progressive Leasing, LLC ("Defendant") is a Utah company and may be properly served with process via its registered agent for service of process to wit: Marvin Fentress, 256 W. Data Drive, Draper UT 84020.

10. Defendant is a person collecting a consumer debt.

11. Defendant sought to collect an alleged debt from Plaintiff.

12. Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).*

13. Defendant is a corporate entity responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Tennessee.

14. Plaintiff is the regular user and carrier of the cellular telephone number at issue, 901-619-9830 (hereinafter "cellular telephone"), and was the called party of Defendant's hereafter described calls.

15. Defendant, at all material times, was attempting to collect a debt (hereinafter "subject account"), which was serviced by Defendant.

16. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on hundreds occasions by calling Plaintiff's cellular telephone

number from approximately October 2016 through the present, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

17. Upon information and belief, all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automated telephone dialing system" (hereinafter "Autodialer") which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1).

18. Furthermore, each of the calls at issue were placed by Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

19. In or about October 2016, Defendant initiated its campaign of phone calls to Plaintiff on Plaintiff's cellular telephone.

20. Upon receipt of the calls, Plaintiff's Caller ID identified that the calls were being initiated from, but not limited to, the following phone numbers: (870) 667-3165, (702) 829-3524, (701) 989-7921, (234) 208-4572, (201) 994-4853, (734) 352-367, (303) 876-1097, (505) 485-1164, (402) 470-8196.

21. On or about November 1, 2016, upon receipt of a call from Defendant, Plaintiff spoke with a representative of Defendant and informed the

agent/representative that Plaintiff requested Defendant immediately stop calling him on his cellular telephone; therefore, revoking an previously perceived express consent to be called using Defendant's Autodialer, predictive dialer, pre-recorded message or artificial voice.

22. Plaintiff expressly revoked any previously perceived express consent Defendant may have believed it had to Defendant's placement of telephone calls to Plaintiff's cellular telephone number by the use of an Autodialer or a pre-recorded or artificial voice.

23. Each of the calls Defendant made to Plaintiff's cellular telephone number, after November 1, 2016, were done so after he revoked consent and without the "express consent" of Plaintiff.

24. Despite Plaintiff informing Defendant to stop calling, Defendant's calls to Plaintiff's cellular telephone continued.

25. Defendant has made at least One Hundred Twelve (112) calls to Plaintiff's cellular number.

26. Plaintiff has attached "screen shots" from his cellular phone reflecting unauthorized calls to Plaintiff's cellular telephone by Defendant as Exhibit A, incorporated by reference.

27. Defendant has, or should be in possession and/or control of, call logs, account notes, autodialed reports and/or other records that detail the exact number

of calls made to Plaintiff.

28. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse, calling Plaintiff despite not having Plaintiff's express permission to call Plaintiff's cellular telephone number.

29. Defendant has a corporate policy to use an Autodialer or a pre-recorded or artificial voice, and to make Autodialed calls just as it did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or Defendant, to permit the removal of Plaintiff's cellular telephone number.

30. Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite these individuals revoking any consent Defendant may have had to make such calls.

31. Defendant's corporate policy and procedures provided no means for Plaintiff to have Plaintiff's cellular telephone number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff from Defendant.

32. Defendant has a corporate policy of using an Autodialer or a pre-recorded or artificial message to collect debts from individuals such as Plaintiff for its financial benefit.

33. Defendant has numerous other Federal lawsuits against it alleging similar violations as stated in this Complaint.

34. Defendant has numerous FCC Complaints across the country against it asserting that its Autodialer continues to call people such as Plaintiff who have revoked consent to be called.

35. Defendant knowingly employs methods that do not permit the cessation of or suppression of Autodialed calls to Plaintiff's cellular telephone number.

36. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

37. As a result of these collection efforts, Plaintiff suffered severe stress, anxiety, fear, worry, loss of happiness, embarrassment, humiliation, intimidation, emotional distress, and other pain and suffering resulting from Defendant's harassment.

## COUNT I:  Violation of the TCPA

38. Plaintiff re-alleges and fully incorporated Paragraphs one (1) through forty (40), above, as if fully stated herein.

39. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using a Automatic Telephone Dialing System or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of Federal Law, including 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant willfully and/or knowingly violated the TCPA, with

respect to all of its calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's express consent.

41. Defendant willfully and/or knowingly violated the TCPA, specifically for each of the calls made to Plaintiff's cellular telephone number after November 11, 2016, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged perceived consent Defendant believed it had to contact Plaintiff, and told Defendant to cease calling Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

c) In the alternative, awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

d) Awarding Plaintiff actual damages, if any, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

g) **TRIAL BY JURY:** Plaintiff is entitled to and hereby demands a trial

by jury.

Dated: March 1, 2017.

Respectfully submitted,
GEORGE BONDS, Plaintiff by:

*/s/ Alex Simanovsky, Esq.*

Alex Simanovsky & Associates, LLC
2300 Henderson Mill Road, #300
Atlanta, GA 30345
678-781-1012/ alex@a-s-law.com
[Admitted to the practice before the
US District Court, Western District
of Tennessee]